JOHN G. BROWN, trustee, plaintiff in error, *vs.* J. L. WARREN *et al.*, survivors, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside.)

1. Where personal property was exposed for sale under an execution from the circuit court of the United States, in lots, levies made thereon immediately after each lot was bid off by the sheriff, under an execution from a state court against a third person, were invalid, and this invalidity was not cured by the agreement of the plaintiffs in the *fi. fa.* from the United States court that they would become the purchasers of all the property, and consider it all levied on. Such agreement was without legal consideration.
2. The verdict was required by the testimony, notwithstanding the alleged errors in the rulings of the court.

Execution. Levy and sale. Before Judge HILL. Houston Superior Court. May Term, 1876.

To the report in the decision it is only necessary to add the following statement:

George H. White and his father, John G. White, lived together on a certain plantation; each spoke of it as his, and the evidence as to which was the real owner was conflicting. George H. purchased from Lathrop & Company, at various times, supplies necessary for the place, and drew on them for money with which to pay for mules, etc., purchased from others. All the trading was done in his own name, and Lathrop & Company did not recognize said John G. in any of their transactions. The debt thus created, was reduced to judgment, and the *fi. fa.* levied on certain property, much of which was paid for with the money advanced as aforesaid. George H. White was in possession of such property, and claimed to be the owner thereof when the levy was made.

C. C. DUNCAN; S. HALL, for plaintiff in error.

WARREN & GRICE; B. M. DAVIS; LANIER & ANDERSON, HILL & HARRIS, for defendants.

WARNER, Chief Justice.

This was a claim case, on the trial of which, the jury, under the charge of the court, found a verdict in favor of the claimants. A motion was made for a new trial on the various grounds therein stated, which was overruled by the court, and the plaintiff in *fi. fa.* excepted.

It appears from the evidence in the record, that the plaintiff's *fi. fa.*, which was levied on the property in controversy, issued on a judgment obtained against John G. White in February, 1868. It further appears from the evidence that an execution issuing from a judgment obtained in the fifth circuit court of the United States, on the 12th of November, 1870, in favor of Lathrop & Company, assignees, against George H. White, was levied on the property in dispute by the United States marshal, on the 2d of October, 1871, and sold by him as the property of said George H. White, on the

2d of January, 1872, and purchased by Lathrop & Company for the sum of $4,848 69, which amount they receipted for to the United States marshal on the 17th of January, 1872. It also appears from the evidence that when the property levied on by the marshal as aforesaid, was offered for sale by him, that is to say, when he had proceeded to sell a small portion of the property, the sheriff of Houston county would immediately levy on the same as the property of John G. White to satisfy the *fi. fa.* in favor of Brown against him. At this stage of the proceedings, Warren, one of the firm of Lathrop & Company, after stating that the sheriff's levies were illegal, and that he would hold him responsible, entered into an agreement with the plaintiff, Brown, and the sheriff, that he would become the purchaser of the property for Lathrop & Company; that he would consider the whole of the property as levied on and let it stay there until to-morrow, and after that they could take possession of the property as it was bid off. Witness waived no rights—waived nothing. The entry of the levy was made on the *fi. fa.* of Brown, the plaintiff, on the property in the hands of the purchasers at the marshal's sale, by the sheriff, on the 3d of January, 1872, the next day after the sale in pursuance of the agreement, as the property of John G. White, and Lathrop & Company claimed it. From the evidence in the record, George H. White was in possession of the property at the time of the levy of the *fi. fa.* by the United States marshal, and he had obtained the money with which most of it was purchased from Lathrop & Company, the plaintiffs in the *fi. fa.* under which it was sold.

1. Was the levy made by the sheriff of the plaintiff's *fi. fa.* upon the property in controversy, in the manner and under the circumstances hereinbefore recited, a good and valid levy, in contemplation of the law? In any view that may be taken of the entire transaction, it was an unauthorized and illegal interference with, and obstruction of, the marshal's sale of the property which was in his legal custody, and was being

Brown *vs.* Warren *et al.*

sold by him under the legal process of the court under which he was acting: Crocker on Sheriffs, sections 472, 449.

If a sheriff, under the direction of the plaintiff in *fi. fa.*, can be allowed to attend a marshal's sale and levy upon the property sold as soon as it is purchased by a bidder, property would not bring much at marshal's sales, and the same result would follow if marshals were allowed by the law to do the same thing at sheriff's sales; but the law does not allow such things to be done, for the simple reason that it obstructs the due execution of the law by obstructing the legal process of the courts. But it is said that Lathrop & Company agreed that the property should be considered as levied on, and that the entry of the levy on the property by the sheriff was made in pursuance of that agreement. Concede that to be true, and how does it affect the claimants? The only consideration for that agreement was the illegal conduct of the plaintiff in *fi. fa.* and the sheriff; or, in other words, it was the illegal conduct of the plaintiff and sheriff that caused the agreement to have been made, and the claimants waived none of their legal rights when they made it, and the plaintiff in *fi. fa* cannot complain if they insist upon them in the courts, as they said they would do when they made the agreement.

2. Independently of the illegal levy made on the property in the manner and under the circumstances under which it was made, the evidence in the record is such as to have required the verdict rendered by the jury, notwithstanding the alleged errors in the rulings of the court. Lathrop & Company furnished the money to George H. White with which nearly all the property levied on was purchased or made, and there is certainly no injustice in appropriating the proceeds of the sale of that property to the payment of their judgment debt.

Let the judgment of the court below be affirmed.